PER CURIAM.
This matter is before the Court on Respondent’s Petition for Leave to Resign Without Leave to Reapply pursuant to Florida Bar Integration Rule, article XI, Rule 11.08.
The Petition states:
1. [Respondent] was admitted to practice law in the State of Florida in June of 1952....
2. [Respondent] has received disciplinary action in the past. In 1976, [Respondent] received a 30 day suspension and three years probation, a public reprimand and three years supervised probation in 1980, and a private reprimand in 1971.
3. Pending disciplinary action against [Respondent] involves the following:
a. [Respondent] maintained a trust account at Barnett Bank, St. Petersburg, Florida.
*456 b. During the course of an audit by Pedro J. Pizarro, The Florida Bar Auditor, the [Respondent] failed to produce records from Account No. 2422712229 for the period of January 1,1979 through December 31, 1981 and for January and February 1985....
c. [Respondent] also failed to prepare monthly reconciliations for the above trust account after June 30, 1984.
d. Account reconciliations reconstructed by Pedro J. Pizarro, The Florida Bar’s Auditor, reflected frequent shortages in the [Respondent’s] trust account.
e. Also reflected in the reconciliations were numerous overages that were larger than necessary to cover reasonable bank charges.
f. In January 1982, the [Respondent] was named as co-counsel to Samuel Cohen, the personal representative of the estate of Charlotte Cohen.
g. On May 28, 1982, the [Respondent] received a loan from Samuel Cohen in the amount of $27,000.00.
h. On the same day, the respondent deposited the loan in his trust account, bringing the total balance in the account to $27,612.91.
i. The [Respondent] then transferred over $15,000.00 from the trust account to his general office account and $10,726.00 to the account entitled Estate of Albert L. Riechmann, Account No. 247117444 (both transfers occurred on May 28, 1982).
j. Prior to the deposit made on May 28, 1982, the account of Estate of Albert L. Riechmann had a total balance of $12.22.
k. Subsequent to the deposit made on May 28, 1982, the [Respondent] made disbursements of $10,725.51 to Mr. Riechmann’s beneficiaries as their first distributive shares of the estate.
l. After the final disbursements from the estate, the total balance in the estate’s account was $12.71, which the bank took as payment for service charges.
m.On September 18, 1985, [Respondent] waived probable cause to the grievance committee hearing of the Sixth Judicial Circuit Grievance Committee D.
4. [Respondent] waives confidentiality of this proceeding pursuant to Florida Bar Integration Rule, article XI, Rule 11.12(l)(a).
5. [Respondent] agrees to cooperate fully with any investigation made in connection with the Client Security Fund of The Florida Bar.
6. [Respondent] will also make all reasonable efforts to reimburse the Client Security Fund of The Florida Bar for payment made by the fund as a result of his conduct.
7. In connection with this petition, [Respondent] alleges that he is making arrangements with other counsel to complete any work in progress under existing fee arrangements, at the option of any such client involved, should this petition be granted.
8. [Respondent] freely and voluntarily submits this Petition to Resign without Leave to Reapply, and he states there was no intent on his part to injure anyone or to cause anyone to suffer any loss.
The Florida Bar having now filed its response supporting the Petition for Leave to Resign on the conditions set forth above, and the Court having reviewed the same and determined that the requirements of Florida Bar Integration Rule, article XI, Rule 11.08(3) are fully satisfied, the Petition for Leave to Resign Without Leave to Reapply is hereby approved. Louis C. Ro-setti, Jr.’s name is hereby stricken from the roll of attorney in the State of Florida effective thirty (30) days from the date of this opinion thereby allowing respondent to close out his practice and take the necessary steps to protect his clients. Respondent shall accept no new business from the date of this opinion. See Florida Bar Integration Rule, article XI, Rule 11.10(7).
It is so ordered.
McDonald, C.J., and ADKINS, OYER-TON, SHAW and BARKETT, JJ., concur.